IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TIM RAY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:18-CV-6-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for disability insurance benefits finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Timothy A. Ray filed an application for disability insurance benefits on August 1, 2014, alleging he became disabled to work on September 8, 2008. His claim was denied initially on October 30, 2014, and upon reconsideration on February 4, 2015. He timely requested an evidentiary hearing before an ALJ on March 18, 2015, and a hearing was held on November 14, 2016. Plaintiff appeared at the hearing with his attorney and gave testimony as did an impartial vocational expert ("VE"). Tr. 18. On January 12, 2017, the ALJ issued an unfavorable decision denying his claims. Tr.15-30. Plaintiff sought review from the Appeals Council and submitted additional medical evidence to support his request. The Appeals Council denied review on November 6, 2017. Tr. 12-14, 1-6. Having exhausted the administrative remedies available to him under the Social Security Act, Plaintiff brings this action seeking judicial review of the Commissioner's final decision denying his application for benefits.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff's insured status for disability insurance benefits expired on September 30, 2011, when he was forty-nine years old. The ALJ determined he was an individual "closely approaching advanced age."[3] Finding 7, Tr. 24; 20 C.F.R. § 404.1563. He has past relevant work as a product assembler and landscape laborer. Finding 6, Tr. 24.

---

[3] The Court notes that the regulations define a person "closely approaching advanced age" as one aged 50-54 years old. 20 C.F.R. § 404.1563(d). However, the Court believes the ALJ likely found Plaintiff to be in the "closely approaching advanced age" category based on the regulatory statement that the Commissioner "will not apply the age categories mechanically in a borderline situation." 20 C.F.R. § 404.1563(b).

4

In conducting the five-step sequential analysis for the determination of disability set forth in 20 C.F.R. § 404.1520(a) the ALJ found at step two that Plaintiff has the severe impairments of episodic pancreatitis, diabetes, hypertriglyceridemia, hypertension, episodic gastritis, gastroesophageal reflux disease and a history of left scapular pain. 20 C.F.R. § 404.1520(c); Finding 3, Tr. 20. At step three, she found that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 21. Between steps three and four, the ALJ formulated a residual functional capacity assessment ("RFC") which permits Plaintiff to engage in light work as defined in 20 C.F.R. § 404.1567(b) with additional exertional, postural, and environmental limitations. Finding 5, Tr. 21-24. At step four, she found that this RFC prevents Plaintiff from resuming his past relevant work. Finding 6, Tr. 24. The ALJ found, at step five, that there are jobs available to Plaintiff in the national economy which he can perform within his restricted RFC and therefore found him to be not disabled. Findings 10 and 11, Tr. 24-25.

## DISCUSSION

Plaintiff's only assertion of error is that the Appeals Council erred in not reviewing his claim after he submitted what he contends is new, material and chronologically relevant opinion evidence from his treating physician which he says creates a "reasonable possibility" of changing the administrative result. Pl.'s Br. 1, ECF No. 11. The Commissioner responds that her regulations require review and remand only when new evidence that is material and chronologically relevant creates a "reasonable probability" that it would change the outcome of the decision. Def.'s Br. 4, ECF No. 12.

The evidence at issue is a "Chronic Pancreatitis Medical Assessment Form" prepared on March 2, 2017, by Veronica Patterson, M.D., who treated Plaintiff during the relevant period of September 2008 through September 2011. Tr. 12-14. In denying review, the Appeals Council referenced this evidence but, as its only basis for not considering it, stated it "does not show a reasonable probability that it would change the outcome of the decision." Tr. 2.

The Court agrees with the Commissioner that the applicable standard for granting review by the Appeals Council is the "reasonable probability" that the outcome of the case would be different if the new evidence were considered. The Commissioner's rules make that clear and were made effective January 17, 2017. Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90987-01, 2016 WL 7242991 (Dec. 16, 2016); 20 C.F.R. § 404.970(a)(5). However, the Court finds that were this new evidence properly considered, there is a reasonable probability that the administrative result would be different.

In her decision, the ALJ stated that there were "no treating source opinions relating to the claimant's capacity for work or suggestive of disability" in the record before her. Tr. 23. The new evidence is exactly that. Further, the longitudinal record of Dr. Patterson's treatment of Plaintiff is long and extensive. Dr. Patterson's records are well-supported by objective testing over a period of at least three years, all of which fall within the period under adjudication. She provides the evidence the ALJ expressly found missing and her evidence is, under the Commissioner's regulations, entitled to "great" or "controlling weight" when well-supported by other substantial evidence. 20 C.F.R. § 1527(d)(2); SSR

6

96-2p, 1996 WL 374188 (July 2, 1996). Given the ALJ's statement about the lack of evidence, offered by a treating source, of the limiting effects of the impairments she found Plaintiff to have, evidence of those limiting effects from the doctor who has cared for Plaintiff and treated those impairments is more likely than not to cause the ALJ to find Plaintiff disabled. The Appeals Council erred in its decision and remand to the Commissioner for further proceedings is ordered.

## CONCLUSION

For the reasons explained above, this case is remanded for further administrative proceedings consistent with this opinion.

SO ORDERED, this 2nd day of October, 2018.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE